UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CV-00058-R

BRIDGETTE WALLIS,
EVELYN K. DOBBINS, and
ANGELA SHARP                                                                                            PLAINTIFFS

v.

NPC INTERNATIONAL, INC.                                                                         DEFENDANT

**MEMORANDUM OPINION**

The Defendant filed a Partial Motion to Dismiss this action. (Docket # 4). The Plaintiffs jointly responded. (Docket # 12). The Defendant filed a Reply to Plaintiffs' Response. (Docket # 13). The matter is now ripe for adjudication. The Court now rules Defendant's Partial Motion to Dismiss **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

Plaintiffs brought this action seeking damages for claims of sexual harassment and retaliation under Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Kentucky Civil Rights Act, intentional infliction of emotional distress, and negligent supervision. Plaintiffs Bridgette Wallis ("Wallis") and Evelyn Dobbins ("Dobbins") allege that they were sexually harassed by an assistant manager employed by Defendant. Wallis and Dobbins claim that they reported the harassment to Defendant's human resource department, but that no remedial action was taken. Angela Sharp ("Sharp") also reported to human resources that Wallis and Dobbins were the victims of sexual harassment and assisted in the investigation of any harassment. Wallis then reported the assistant manager's alleged harassment of Dobbins and herself to the Equal

Employment Opportunity Commission ("EEOC") on June 18, 2005.

After Defendant learned of Wallis' EEOC charge, the offending assistant manager was fired. Soon thereafter, Wallis and Dobbins felt that their scheduled hours to work were "drastically reduced." Wallis reported the reduction of hours to the EEOC, alleging that it was retaliatory action for her filing the complaint, but did not formally amend her filing with the EEOC. Dobbins viewed her reduction in hours as a response to her report of sexual harassment to Defendant's human resources department. Dobbins filed a formal charge against Defendant with the EEOC on July 25, 2005, alleging both sexual harassment and retaliation. Sharp also reported that she was retaliated against through a decrease in her wages. In response to these claims, EEOC initiated an investigation of Defendant. Plaintiffs claim that Defendant's attorney was present on January 24, 2006, while the EEOC investigator interviewed Mr. Adrian Rehkemper, "Area Coach" for Defendant, about the sexual harassment claims and the possibility of retaliation against both Wallis and Dobbins.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## ANALYSIS

Defendant argues that Wallis's retaliation claim should be dismissed because Wallis did not file formal claim of retaliation with the EEOC as is required under Title VII. Defendant further moves for the dismissal of all negligent supervision claims, arguing they are precluded by the exclusive remedies listed under the Kentucky Workers' Compensation Act. Last, Defendant requests that the Court dismiss all claims for punitive damages under the Kentucky Civil Rights Act as impermissible under the terms of the Act. The Court will address each of these defenses in turn.

**A.    Wallis's Retaliation Claim**

Defendant claims that Wallis cannot bring suit for retaliation under Title VII, because her formal charge with the EEOC lists only claims of sexual harassment. Wallis did not check the box for retaliation, because, until filing the charge with the EEOC, she did not experience a retaliatory reduction in her work hours. According to Defendant, any later charge of retaliation set out in her complaint is time-barred. Timely filing of an EEOC complaint is a prerequisite to a Title VII suit. 42 U.S.C. § 2000e-5(e). The purpose of the filing requirement is to provide notice of Title VII liability to the Defendant and initiate investigation of charges and attempts to

3

reconcile the parties by the EEOC. *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 534 (6th Cir. 2001); *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 57 F.3d 460, 463 (6th Cir. 1998) (citing *EEOC v. The Bailey Co.*, 563 F.2d 439, 447 (6th Cir. 1977)).

Wallis admits that her filed EEOC charge did not formally allege retaliation. Nonetheless, she argues that her claim of retaliation should not be dismissed because Defendant had notice of her retaliation claims, satisfying the purpose of the EEOC filing requirement. Wallis asserts that the EEOC's investigation of retaliation against Wallis, witnessed by Defendant's attorney and "Area Coach," provided Defendant adequate notice that a retaliation claim would follow and allowed Defendant the opportunity to investigate and resolve the issue.[1] In its Reply, Defendant does not deny that it had actual notice of Wallis's retaliation claim through the EEOC's investigation. Instead, Defendant notes that Wallis only supports her contention that Defendant had actual notice with a record of the investigator's notes during it's interview with Defendant's "Area Coach." Since these notes have not yet been authenticated, Defendant asserts that they are inadmissible hearsay which cannot substantiate Wallis's claim

---

[1] It is unclear whether Wallis argues that her report of retaliation to the EEOC also provided adequate notice to Defendant of her retaliation claims. Regardless, this argument holds no merit, since Defendant was not privy to Wallis's disclosure to the EEOC and gained no notice thereby.
   Defendant suggests that Wallis also argues that Dobbins's retaliation claim put Defendant on notice of Wallis's retaliation claim. Defendant admits that Dobbins's formal EEOC charge alleged retaliation against both herself and an unidentified coworker. This allegation in Dobbins's EEOC charge also cannot substitute for the statutorily required notice of a Title VII claim. Since it did not provide Defendant with the identity of the "co-worker," Defendant did not have adequate notice enabling it to engage in the investigation purposed by the statute. Thus, neither of these arguments, if intended by Wallis, provide her relief from the statutory requirement to formally file notice of her retaliation claim with the EEOC.

4

that Defendant had actual notice.[2] In deciding a Motion to Dismiss, the Court construes all the facts in favor of the Plaintiff. In this case, Wallis has asserted that Defendant had actual notice of her retaliation claim. Defendant has not disproven this assertion as a matter of law. Therefore, dismissal of Plaintiff's claim because of lack of notice is not proper here.

Wallis also argues that dismissal of her retaliation claim is improper because she may utilize an exception to the general EEOC filing requirement, the "single filing rule." Under the single filing rule, "where a substantially related non-filed claim arises out of the same time frame as a timely filed claim, the complainant need not satisfy Title VII's filing requirement to recover." *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 (6th Cir. 1994). It is undisputed that Wallis's retaliation claim is "substantially related" to Dobbins's retaliation claim and that the claims arose "out of the same time frame" since the conduct occurred simultaneously.

Defendant notes that "[t]he rationale behind the 'single filing rule' is the belief that it would be wasteful for numerous employees with the same grievances to file identical complaints with the EEOC." *Id.* (citing *Wheeler v. Am. Home Prods. Co.*, 582 F.2d 891, 897 (5th Cir. 1977)). To effectuate this purpose, courts have held that the single filing rule applies only to allow a plaintiff "*who did not file an EEOC charge*, to piggyback on the EEOC complaint file by another person who is similarly situated." *Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1223 (5th

---

[2]It is also unclear whether Wallis intends to argue that her report to the EEOC of retaliation is sufficient because the EEOC should have amended her formal charge to reference her retaliation claims. Wallis point to no authority giving the EEOC the power to unilaterally amend a filed charge. Furthermore, Defendant cites caselaw holding that a person filing charges with the EEOC, particularly a person represented by an attorney, is responsible for the content of their charge filing, not the EEOC. *Zenaty-Paulson v. McLane/Sunwest Inc.*, No. CIV-99-472, 2000 WL 33300666 at * 10-11 (D. Ariz. 2000) (unpublished). This Court agrees that Plaintiff cannot bypass the filing requirement for her retaliation claim because the EEOC *might have* chosen to amend to filing.

Cir. 1995) (emphasis in original). *See also Gitlitz v. Compagnie Nat'l Air France*, 129 F.3d 554, 558 (11th Cir. 1997) (citing *Anderson v. Unisys Corp.*, 47 F.3d 302, 308-09 (8th Cir. 1995)) ("where a plaintiff has filed an individual EEOC charge, such a plaintiff should be required to rely upon his or her own charge, and cannot reasonably rely upon the other claimant's charge"); *Smith v. HealthSouth Rehabilitation Ctr. of Memphis, Ltd.*, 234 F.Supp.2d 812, 815-16 (W.D. Tenn. 2002) (There is "a distinction made by the courts between the ability to piggyback where the plaintiff seeking to join the suit of another who has filed a charge and where she has not." A plaintiff may only "benefit from the single filing rule if she did not file an EEOC charge at all or if she filed a charge that was untimely."). While these cases do not bind this Court, we agree with the Fifth Circuit's logic that, since an employer may rely on the allegations in the EEOC charge detailed by an individual plaintiff, it may create unfair surprise to allow that same plaintiff to add charges late in the investigation. *Mooney*, 54 F.3d at 1223-24. Although the single filing rule may not validate Wallis's retaliation charge in this case, she has set forth an issue of fact sufficient to survive a Motion to Dismiss in alleging that Defendant had actual notice of her retaliation claim.

B.  **Negligent Supervision Claims**

Defendant moves for the dismissal of Plaintiffs' negligent supervision claims on the ground that they are barred by the Kentucky Workers' Compensation Act ("KWCA"). "The statute and Kentucky case law interpreting the statute make it clear that the Workers' Compensation Act provides the exclusive remedy where a covered employee is injured by her employer's negligent actions." *Grego v. Meijer, Inc.*, 239 F.Supp. 2d 676, 683 (W.D. Ky. 2002).

"If an employer secures payment of compensation [under KWCA], the liability of such employer under this chapter shall be exclusive...." Ky. Rev. Stat. § 342.690(1).  This District, predicting how the Kentucky Supreme Court might rule on this issue, held that "[b]ased on the plain language of KRS 342.690(1) and the Kentucky courts' long history of interpreting the Workers' Compensation Act to prohibit tort actions grounded in negligence between an employer and employee... the exclusivity provision of Kentucky's Workers' Compensation Act bars negligent supervision claims between an employer and employee." *Grego*, 239 F.Supp.2d at 683 (citing *Bischoff v. Sears, Roebuck & Co.*, No. 87-6173, 861 F.2d 719, 1988 U.S. App. LEXIS 14565 at *3-5 (6th Cir. Oct. 28, 1988) (unpublished)).  Subsequently, the Kentucky Court of Appeals confirmed this interpretation, stating that when a plaintiff asserts "any theories of liability based on negligence [asserted by an employee against an employer], for example, negligent hiring..., negligent supervision..., and a negligent failure to provide a safe workplace,... relief is limited to workers' compensation by the exclusive remedy of KRS 342.690(1)." *Estes v. Carpenter Co.*, Nos. 2003-CA-000090-MR and 2003-CA-000190-MR, 2004 WL 2633544 at *7 (Ky. Ct. App. Nov. 19, 2004) (citing *Adkins v. R & S Brody Co.*, 58 S.W.3d 428, 430 (Ky. 2001) (holding that the KWCA is the exclusive remedy where the employee was awarded relief under the KWCA); *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459, 462-64 (Ky. 1986) (holding that an employer, once held liable under KWCA, cannot incur indemnity liability for the same conduct)).

     Plaintiffs argue that the KWCA does not provide any relief to them and, therefore, cannot be the exclusive venue for relief.  While KWCA provides relief for injuries arising out of the workplace, the statutory definition of 'injury' does "not include a psychological, psychiatric, or

stress-related change in the human organism, unless it is a direct result of a physical injury." Ky. Rev. Stat. § 342.0011(1).  In this case, Plaintiffs claim no physical injury, only "extreme mental aguish and emotional distress."  However, in *Meyers*, a sexual harassment case under the Kentucky Civil Rights Act, the Kentucky Supreme Court held that even without physical injury, "the Workers' Compensation Law does not preclude a claim for damages for mental and emotional injury inflicted by sexually discriminatory practices" because a plaintiff might recover for those injuries under the Kentucky Civil Rights Act.[3]  *Chapman Printing Co. v. Meyers*, 840 S.W.2d 814, 818-19 (Ky. 1992).

     Plaintiffs point out that, while the KWCA generally subsumes other causes of action in negligence, the Kentucky courts have carved out an exception for emotional injury claims in sexual harassment cases under the Kentucky Civil Rights Act.  *See Meyers*, 840 S.W.2d 814 (holding that a plaintiff might elect to recover under the Kentucky Civil Rights Act if the plaintiff did not also receive relief under the KWCA).  Plaintiffs suggest that they might also elect to recover under the common law tort of negligent supervision for emotional injuries, despite the limitations of the KWCA.  In *Grego*, however, the employee did not suffer physical injury; nonetheless, this District held that additional nonstatutory tort relief for negligent supervision was not available.  239 F.Supp.2d at 683.  In that case, the Court relied solely on the exclusivity language of the KWCA and case law where the employee suffered physical injuries.  *See* Ky. Rev. Stat. § 342.690(1); *Bischoff*, 1988 WL 114804; *Shamrock Coal Co. v. Maricle*, 5 S.W.3d 130, 136 (Ky. 1998); *Hardin v. Action Graphics, Inc.*, 57 S.W.3d 844, 846 (Ky. Ct. App. 2001);

---

[3]It is not clear whether the Kentucky Supreme Court relied on this proposition for its decision or whether it is *dicta*.  Regardless, the statement clearly shows the Kentucky Courts' interpretation of the KWCA.

*Edwards v. Louisville Ladder*, 957 S.W.2d 290, 294 (Ky. Ct. App. 1997).

Here, the Plaintiffs have not pursued or received any remedy under the KWCA, nor have they suffered any physical injury compensable under the KWCA. By its terms, the KWCA is an exclusive remedy only "if an employer secures payment of compensation" under the Act. Ky. Rev. Stat. § 342.690(1). In *Meyers*, however, the Kentucky Supreme Court stated its intention: "[T]he workers' compensation statute preempts... common law tort claims [but] does not preempt a statutory civil rights claim." 840 S.W.2d at 819. Therefore, Plaintiffs' common law claim for negligent supervision should be preempted by the KWCA. Plaintiffs are not left without a remedy, however, as they are pursuing claims for psychological damages under both the federal and Kentucky Civil Rights Acts.

C.      **Punitive Damages Claims**

Defendant moves for dismissal of any claims Plaintiffs might have for punitive damages under the Kentucky Civil Rights Act. Plaintiffs clarify that they are not seeking punitive damages under the Kentucky Civil Rights Act, only Title VII of the federal Civil Rights Act of 1964. Therefore, Defendant's motion to dismiss those claims is moot.

**CONCLUSION**

The Court holds that Defendant's Partial Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Dismiss Plaintiff Wallis's retaliation claims is **DENIED**. The Motion to Dismiss Plaintiffs' claims for common law negligent supervision is

9

**GRANTED**.  The Motion to Dismiss Plaintiffs' punitive damages claims under the Kentucky Civil Rights Act need not be addressed, since Plaintiffs clarify that they are not seeking punitive damages under the Kentucky Civil Rights Act.  An appropriate Order shall issue.